### EMPLOYEE STAFFING OF AMERICA, INC.

v.

### TRAVELERS INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 16, 1996.

Decided April 18, 1996.

James D. Bivins, Dyer & Goodall, Augusta, for Plaintiff.

James D. Poliquin, Norman, Hanson & DeTroy, Portland, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Employee Staffing of America, Inc. (Staffing) appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) dismissing its complaint with prejudice and entering a default judgment in favor of Travelers Insurance Company on its counterclaim as a sanction for Staffing's failure to comply with a court order compelling discovery. Staffing contends that the court abused its discretion. We affirm the judgment.

In October 1992 Staffing commenced an action claiming Travelers' had breached its obligations under a workers' compensation policy issued by Travelers to Staffing. Travelers filed an answer and a counterclaim alleging that Staffing had voluntarily paid many compensation claims without giving prior notice to Travelers and had failed to notify Travelers of other claims.

In 1993 first Staffing and then Travelers served interrogatories and a request for documents. Because of settlement prospects neither party pushed for responses for some months and joined in requesting various extensions of the ultimate discovery deadline. In September 1993 Staffing began pushing Travelers for its response and in early January threatened to file a motion to compel. On January 25, 1994, Travelers completed its responses to Staffing's discovery requests and then asked Staffing to reciprocate. Staffing did not and in April 1994 Travelers filed a motion to compel. On June 6, 1994, two days before the hearing on Travelers' motion, Staffing tendered unsigned answers

to Travelers' interrogatories and partial responses to Travelers' request for production of documents. A majority of the interrogatories were answered by Staffing in the following manner: "Discovery is ongoing and this answer will be supplemented later." On June 10, 1994, by agreement the court (*Marsano, J.*) ordered Staffing to answer Travelers' interrogatories within 15 days of the order.

On Monday, June 27, 1994, Staffing sent Travelers unsigned and still incomplete supplemental discovery responses. Many of the interrogatory answers stated that the information was "to be provided." On July 18, 1994, Travelers sent Staffing a letter expressing concern about the completeness and timeliness of Staffing's answers to interrogatories, requested a list of documents withheld because of a claim of privilege, and warned Staffing that it would seek sanctions if Staffing did not comply.

After receiving no response, on August 23, 1994, Travelers filed its motion for sanctions. On September 9, 1994, Staffing served a set of signed but still incomplete interrogatory answers. The court granted Travelers' motion, dismissed Staffing's complaint with prejudice and entered a default judgment in favor of Travelers on its counterclaim. Following submission of affidavits the court (*Crowley, J.*) ordered Staffing to pay $140,-245.71 in damages on Travelers' counterclaim.

■ M.R.Civ.P. 37(b)(2) provides for sanctions if a party fails to obey an order to provide or permit discovery and that the court "may make such orders in regard to the failure as are just. . . ." These sanctions include:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

M.R.Civ.P. 37(b)(2)(C). We review the trial court's decision as to the sanction imposed for a discovery violation for an abuse of discretion. *Shaw v. Bolduc,* 658 A.2d 229, 234–35 (Me.1995). A trial court has broad discretion to choose the appropriate sanction. *Id.* at 235. In imposing sanctions such as dismissal or default, however, the trial court's discretion is more narrow. *Pelletier v. Pathiraja,* 519 A.2d 187, 190 (Me.1986). We recognize the constitutional implications of a dismissal or default and give closer scrutiny to such a sanction than we would give to a lesser sanction. *Id.* The Constitution, however, requires only that a plaintiff be given a meaningful opportunity to assert a claim. *Orlandella v. O'Brien,* 637 A.2d 105, 106 (Me.1994).

■ We have emphasized the importance of compliance with discovery rules. *Shaw,* 658 A.2d at 235. " 'It is the purpose of both the discovery rules and the pretrial conference to eliminate the sporting theory of justice and to enforce full discolsoure.' " *Id.* (quoting *Reeves v. Travelers Ins. Cos.,* 421 A.2d 47, 50 (Me.1980)). Liberal discovery is one of the ways to achieve " 'the just, speedy and inexpensive determination of every action,' " the purpose of the Maine Rules of Civil Procedure. *Butler v. Poulin,* 500 A.2d 257, 259 (Me.1985) (quoting M.R.Civ.P. 1). " '[C]onduct of counsel or his clients that frustrates the beneficent purposes of . . . discovery orders must be appropriately penalized.' " *Spickler v. York,* 566 A.2d 1385, 1388 (Me.1989) (citations omitted).

■ The nature of the sanction imposed depends on the circumstances of each case. *Shaw,* 658 A.2d at 235. A showing of willfulness, bad faith, or fault is not required to justify dismissing an action. *Orlandella,* 637 A.2d at 106. The trial court should analyze the effect pretrial violations have on the adverse party and also evaluate the purpose the sanctions are to serve in exercising its discretion. *Pelletier,* 519 A.2d at 190. The purposes to be served by the sanction may be numerous; "to penalize non-compliance, remedy the effects of non-compliance, and to serve as a deterrent." *Id.* Serious instances of noncompliance with pretrial procedures can support a trial court's determination that the ultimate sanction of dismissal or default is the appropriate sanction to penalize delinquency and to deter like conduct generally. *Reeves,* 421 A.2d at 51.

Travelers did not seek to compel Staffing's response to its discovery requests until three months after Travelers had responded to Staffing's. When Staffing first responded on June 6, 1994, its interrogatory answers were incomplete and unsigned. After the court ordered Staffing to supplement its response, Staffing's supplemental answers served on June 27th were also incomplete and unsigned. Travelers waited three weeks before threatening a motion for sanctions and then another month before filing one. As of the date of the hearing on the motion, although Staffing had served signed answers they were still incomplete. Many of the "to be provided" answers in June became in September "[a]s Ms. Gregory has since died, we do not know how to answer." In response to Travelers' request for specific information regarding each of the affirmative defenses Staffing raised in its reply to Travelers' counterclaim Staffing responded that "[d]iscovery is ongoing and the answer will be supplemented later." Staffing responded in the same manner to a request for a description of the acts and omissions that Staffing claimed constituted breaches of contract in its complaint. In response to Travelers' counterclaim Staffing had denied Travelers' allegation that Staffing had not provided timely notification of employee claims. In response to an interrogatory regarding specific employee claims, however, Staffing responded that it did not know when Staffing first notified Travelers of each injury. Finally, Staffing deprived Travelers of its right to obtain information through interrogatory answers before moving forward with depositions.

The court did not abuse its discretion in ordering the sanctions it imposed. *See Hatch v. Maine Tank, Co., Inc.,* 666 A.2d 90, 93–94 (1995) (no abuse of discretion in dismissing complaint for failure to comply with order compelling discovery); *Colony Cadillac & Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364, 366–67 (Me.1989) (failure to comply with discovery orders supported default judgment).

The entry is:

Judgment affirmed.

All concurring.