2001 ME 71

**ST. PAUL INSURANCE
COMPANY et al.**

v.

**James P. HAYES.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 24, 2001.
Decided: May 4, 2001.

Robert O. Newton, Esq., Christopher D. Nyhan, Esq., Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, for plaintiffs.

Wendell G. Large, Esq., Anne H. Cressey, Esq, Richardson, Whitman, Large & Badger, P.C., Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] St. Paul Insurance Company, Holly Gerlaugh, David Shinstrom, and the Maine–Dartmouth Family Practice Residency Program appeal from the judgment entered in the Superior Court (Kennebec County, *Atwood, J.*), dismissing their claim against James P. Hayes. We conclude that the trial court did not exceed the bounds of its discretion, and therefore, we affirm the judgment.

[¶ 2] The pending action, brought in 1993 by the St. Paul Insurance Company and its insureds—Holly Gerlaugh, David Shinstrom, and the Maine–Dartmouth Family Practice Residency Program— seeks contribution and/or indemnification for the amounts paid by St. Paul Insurance Company on behalf of its insureds in settlement of a medical malpractice claim brought by Sharon Pratt. Although dismissed by the Superior Court (Kennebec County, *Marden, J.*), the case was reinstated in 1996. *See St. Paul Ins. Co. v. Hayes,* 676 A.2d 510 (Me.1996). After the case was remanded to the Superior Court,

Dr. Hayes filed a motion for a summary judgment, which the Superior Court (Kennebec County, *Alexander, J.*) denied. It is from the denial of his motion for a summary judgment that Dr. Hayes cross-appeals.[1]

[¶ 3] The case was assigned to a prelitigation screening panel pursuant to 24 M.R.S.A. § 2851 et seq. (1985), and the plaintiffs were required to make their experts available for deposition by June 30, 1998 and a discovery deadline of August 15, 1998, was established. On November 7, 1998, citing "delays in completing discovery," the panel chair amended the earlier scheduling order and extended the date for completion of discovery to March 5, 1999. The case was originally scheduled for hearing before the panel on May 10, 1999, but the hearing was subsequently rescheduled for August 5, 1999. During a telephone conference involving counsel for the parties and the panel chair on August 2, 1999, plaintiffs acknowledged that neither Dr. Shinstrom nor Nurse Gerlaugh would be present to testify at the August 5, 1999 hearing. Because the key witnesses were unavailable to testify, the panel concluded that the plaintiffs could not move forward with their case. The panel subsequently issued an order dismissing the notice of claim with prejudice, stating that "this dismissal shall be deemed to be equivalent to a finding for [Dr. Hayes] in all issues before the panel."

[¶ 4] After the panel's action, Dr. Hayes's counsel repeatedly contacted plaintiffs' counsel requesting dates to depose Nurse Gerlaugh and Dr. Shinstrom. Notices were served on at least two occasions upon the plaintiffs, clearly indicating that a deposition of Dr. Shinstrom was desired. Dr. Shinstrom failed to appear both times. The plaintiffs did not object

---

1. Since we affirm this dismissal, we do not reach Dr. Hayes's cross-appeal from the court's denial of his motion for a summary judgment.

to the notice of depositions, did not request a discovery conference, did not request a leave to file a motion for a protective order; Dr. Shinstrom simply failed to appear for the depositions. After the first two failed attempts to take Dr. Shinstrom's deposition, the court issued an order stating in relevant part:

> The plaintiff is ordered to produce Dr. David Shinstrom for deposition in Maine on July 25, 2000, the plaintiff is ordered to produce Holly Gerlaugh, N.P., for deposition in Maine within 60 days of this order.

The plaintiffs did not object to the order, nor did they produce Dr. Shinstrom for deposition on the appointed day. Dr. Hayes subsequently filed a motion to dismiss. The trial court granted Dr. Hayes's motion, and dismissed the plaintiffs' action. This appeal followed.

[¶ 5] The plaintiffs argue that the trial court exceeded the bounds of its discretion by imposing the "ultimate sanction" when it dismissed their case. They argue that the trial court erred in not addressing "the substantial prejudice to St. Paul Insurance Company by having all its claims against Dr. Hayes dismissed." Dr. Hayes argues that, since he had tried on four different occasions to depose Dr. Shinstrom and since Dr. Shinstrom violated the Superior Court's order mandating that he appear at the deposition, the trial court did not exceed the bounds of its discretion in dismissing the claims.

[¶ 6] Maine Rule of Civil Procedure 37(b) provides for sanctions in the event that a party fails to obey an order to provide discovery. The discovery sanctions may include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action* or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In lieu of any of the forgoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

> (E) Where a party has failed to comply with an order under Rule 26(g) or Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

> . . . .

M.R. Civ. P. 37(b)(2)(A-E) (emphasis added).

[¶ 7] We "review the imposition of sanctions for discovery violations for an abuse of discretion, but will more closely scrutinize sanctions such as dismissal or default." *Harris v. Soley*, 2000 ME 150, ¶ 9, 756 A.2d 499, 504 (citing *Saucier v. State Tax Assessor*, 1998 ME 61, ¶ 6, 708 A.2d 281, 283). The narrower discretion of the trial court in imposing a sanction of dismissal "reflects the constitutional implications in dismissing an action without affording a party the opportunity to be heard on the merits of his case." *Fallon v. Casco–Northern Corp.*, 462 A.2d 53, 56

(Me.1983) (citing *Ireland v. Galen*, 401 A.2d 1002, 1004 (Me.1979)). Although we closely scrutinize discovery sanctions such as dismissals, generally, we " 'will not lightly overrule the trial court's decision.' " *Harris*, 2000 ME 150, ¶ 9, 756 A.2d at 504 (quoting *Orlandella v. O'Brien*, 637 A.2d 105, 106 (Me.1994)).

[¶ 8] In determining whether a dismissal was an appropriate sanction, the trial court should consider the following factors: (1) the specific purpose of the discovery rules; (2) the party's conduct throughout the proceedings; (3) the party's *bona fides* in its failure to comply with the discovery rules; (4) prejudice to the other parties; and (5) the need for the orderly administration of justice. *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 17, 743 A.2d 237, 243 (citations omitted). Our Rules of Civil Procedure are to "be construed to secure the just, speedy and inexpensive determination of every action." M.R. Civ. P. 1. Liberal discovery is one way to achieve the purposes of the Maine Rules of Civil Procedure. *Employee Staffing of Am., Inc. v. Travelers Ins. Co.*, 674 A.2d 506, 508 (Me.1996) (citation omitted). The purpose of the discovery rules is to " 'eliminate the sporting theory of justice and to enforce full disclosure' " between the parties. *Id.* (quoting *Shaw v. Bolduc*, 658 A.2d 229, 235 (Me.1995)).

[¶ 9] Dr. Hayes attempted to depose Dr. Shinstrom for nearly 28 months. Because the complaint alleges that, "[a]s a result of Defendant, Dr. Hayes' [sic] negligence, the instant Plaintiffs relied upon his pathology report, to their ultimate detriment ... [,]" it is likely that Dr. Shinstrom's deposition testimony was critical to Dr. Hayes's defense. Indeed, the trial court could have considered that the failure to produce Dr. Shinstrom for a deposition had "seriously and irreparably affected [Dr. Hayes's] ability to proceed to a fair resolution of the claims against him." *Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me. 1986).[2] Finally, the conduct of one party to a suit causing the other party to spend two and one-half years trying to obtain a deposition does not lead to the "just, speedy and inexpensive determination of every action" envisioned by our Rules of Civil Procedure.

[¶ 10] We next consider plaintiffs' conduct throughout the proceedings and the plaintiffs' *bona fides* in failing to comply with the discovery rules. *Baker's Table, Inc.*, 2000 ME 7, ¶ 17, 743 A.2d at 243. Other than the assertion that Dr. Hayes could have deposed Dr. Shinstrom in Washington State, the record is devoid of any evidence regarding the conduct of the parties over the years. The trial court could have concluded that plaintiffs' conduct throughout this litigation has been contemptuous of the discovery rules. Dr. Shinstrom is a named plaintiff in this case. He never sought a protective order from the trial court,[3] nor did he seek other related relief to relieve him from the duty to appear at his scheduled depositions.

**2.** Considering that the plaintiffs concede that the original slide Dr. Hayes made in 1983 had been misplaced, Dr. Shinstrom's absence at the scheduled depositions does, in all likelihood, seriously and irreparably affect Dr. Hayes's ability to defend himself against the claims asserted in the complaint. *See Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me.1986).

**3.** M.R. Civ. P. 26(c) states in pertinent part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, any justice or judge of the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense*, including....

M.R. Civ. P. 26(c) (emphasis added).

Given Dr. Hayes's persistence in seeking the deposition of Dr. Shinstrom, the trial court could have concluded that the plaintiffs were not engaged in a good faith effort to move the discovery process along.

[¶ 11] The plaintiffs argue that "[t]he trial court in its Order of Dismissal did not address the substantial prejudice to St. Paul Insurance Company by having all its claims against Dr. Hayes dismissed." In support of this argument, they assert that the discovery dispute "involved only Dr. Shinstrom[,]" suggesting that the plaintiffs have been unfairly sanctioned for the behavior of its insured. Dr. Hayes argues that "Dr. Shinstrom and the other Plaintiffs chose to invoke the jurisdiction of the Maine courts in their effort to recover money from Dr. Hayes. In so doing, they must be presumed to have understood that it was very likely that each Plaintiff would be called upon to testify in Maine, both at deposition and at trial."

[¶ 12] There is no dispute that the plaintiffs were prejudiced when the Superior Court dismissed all of their claims against Dr. Hayes. They have, however, only themselves to blame for the dismissal of their case; they blatantly violated a court order when they failed to produce Dr. Shinstrom to be deposed.

[¶ 13] This case, including the underlying action, has been pending for nearly 17 years. The plaintiffs knew in April 1998 that it would need to produce Dr. Shinstrom, a plaintiff in this case, for hearings and depositions. Despite the notices and court order, Dr. Shinstrom did not make himself available. We have noted that " '[c]onduct of counsel or his clients that frustrates the beneficent purposes of . . . discovery orders must be appropriately penalized.' " *Employee Staffing of Am., Inc.,* 674 A.2d at 508 (Me.1996) (quoting *Spickler v. York,* 566 A.2d 1385, 1388 (Me.1989) (ellipsis in the original)). The plaintiffs

contend that in other cases, "where a sanction of dismissal or default has been upheld by the appellate court, the sanctioned party had numerous opportunities to comply with the Court orders, and in many cases, had been specifically warned that failure to comply would result in dismissal or default." (citing *Employee Staffing of Am., Inc.,* 674 A.2d at 508 (Me.1996); *Hatch v. Maine Tank Co.,* 666 A.2d 90, 93 (Me.1995); *Colony Cadillac and Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364, 365–67 (Me.1989); *Pelletier v. Pathiraja,* 519 A.2d 187, 188–89 (Me.1986)). The plaintiffs' arguments are unpersuasive.

■ [¶ 14] The plaintiffs were not entitled to a "warning" that their blatant violations of the discovery rules could result in the dismissal of their action. We have never said that the trial court must "warn" a party before sanctioning that party with dismissal or default. *See Harris,* 2000 ME 150, ¶ 16, 756 A.2d at 506, ("[a] party to a lawsuit has a duty to comply with the rules regarding discovery throughout the litigation."). As we have noted, "a party's failure to cooperate in discovery prior to the entry of a court order compelling compliance constitutes 'conduct throughout the proceeding' that may be considered by a court in determining an appropriate sanction for purposes of M.R. Civ. P. 37(b)." *Harris,* 2000 ME 150, ¶ 17, 756 A.2d at 506 (citing *Baker's Table, Inc.,* 2000 ME 7, ¶ 17, 743 A.2d at 243).

[¶ 15] There is no question that the plaintiffs failed to comply with both the rules of discovery and the trial court's order compelling them to produce Dr. Shinstrom. The plaintiffs' behavior has caused needless additional expense to the litigants and further delayed an already contentious and lengthy litigation between these parties.

[¶ 16] Given the plaintiffs' actions, the trial court acted well within the bounds of its discretion when it entered a judgment in favor of Dr. Hayes as a discovery sanction.

The entry is:

Judgment affirmed.