2003 ME 132

**Scott DOUGLAS**

v.

**Seth MARTEL et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 23, 2003.

Decided: Nov. 19, 2003.

Philip R. Defosses, Esq., Defosses Law Firm, Portsmouth, NH, for plaintiff.

Frederick C. Moore, Esq., Robinson, Kriger & McCallum, Portland, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Scott Douglas appeals from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of Seth Martel and David Markowitz, dismissing Douglas's complaint as a sanction for discovery violations. We affirm the judgment of the Superior Court.

## I. BACKGROUND

[¶ 2] Douglas's action was commenced on August 2, 2001. The complaint stems from a traffic accident occurring in August 1995. Pursuant to a scheduling order dated November 1, 2001, the trial court or-

dered that discovery be completed by July 1, 2002, "[u]nless the court orders otherwise for good cause shown." The trial court further stated that the parties "shall not assume that agreements to conduct discovery beyond this deadline will be accepted by the court."

[¶ 3] Martel seasonably served Douglas with interrogatories and requests for production of documents. As a result of Douglas's failure to respond, there were repeated extensions of the discovery deadline. In January 2003, the court ordered Douglas to "answer the request for production of documents in full by January 31, 2003, and pay the defendant's counsel a sanction of $200. Failure to answer the request for production of documents by January 31, 2003, will result in a dismissal with prejudice of the complaint." Douglas again failed to respond and the trial court, by an order dated March 14, 2003, dismissed Douglas's complaint with prejudice, "[b]ecause of repeated failures to answer discovery requests."

## II. DISCUSSION

 [¶ 4] Our Rules of Civil Procedure provide for sanctions in the event that a party fails to obey an order to provide discovery, including "staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." M.R. Civ. P. 37(b)(2)(C). We "review the imposition of sanctions for discovery violations for an abuse of discretion, but will more closely scrutinize sanctions such as dismissal or default." St. Paul Ins. Co. v. Hayes, 2001 ME 71, ¶ 7, 770 A.2d 611, 613 (quoting Harris v. Soley, 2000 ME 150, ¶ 9, 756 A.2d 499, 504).

### A. Appropriateness of the Sanction

 [¶ 5] In determining whether dismissal is an appropriate discovery sanction, the trial court should consider "(1) the specific purpose of the discovery rules; (2) the party's conduct throughout the proceedings; (3) the party's *bona fides* in its failure to comply with the discovery rules; (4) prejudice to the other parties; and (5) the need for the orderly administration of justice." St. Paul Ins. Co., 2001 ME 71, ¶ 8, 770 A.2d at 614.

 [¶ 6] In St. Paul Ins. Co., we found that two and one-half years of discovery does not lead to the " 'just, speedy and inexpensive determination of every action' envisioned by our Rules of Civil Procedure." Id. at ¶ 9 (quoting M.R. Civ. P. 1). Discovery in this case began on November 1, 2001, and extended to March 14, 2003. The trial court could reasonably have concluded that nearly sixteen months of discovery, while less egregious than the circumstances in St. Paul Ins. Co., supported the decision to dismiss. Because "[t]he purpose of the discovery rules is to eliminate the sporting theory of justice and to enforce full disclosure between the parties," the first factor supports the trial court's decision to dismiss. St. Paul Ins. Co., 2001 ME 71, ¶ 8, 770 A.2d at 614 (internal quotation omitted).

[¶ 7] With respect to the second and third factors, the record contains substantial evidence from which the trial court could have concluded that Douglas, and his attorney, acted with a lack of regard for the deadlines set by the court. Douglas's complaint was dismissed after over a year of discovery, the expiration of several deadlines (two of which included warnings to Douglas that failure to comply would result in a dismissal with prejudice), four extensions, and two conferences.

[¶ 8] Douglas contends that the trial court never considered a lesser sanction, and points to other jurisdictions that "have found that the ultimate sanction should not be imposed, unless other, lesser sanctions are considered and found to be insufficient." We disagree. The trial court did

impose the lesser sanction of $200 on January 16, 2003, after Douglas had failed to comply with the November 22, 2002, deadline. The trial court had warned Douglas that failure to comply with the November deadline would result in dismissal with prejudice; however, a less severe sanction was imposed at that time.

[¶ 9] With respect to the fourth factor, Douglas has interfered with Martel's ability to receive a speedy and inexpensive resolution of this case, which is the "overall purpose" of the Rules of Civil Procedure. *Powers v. Planned Parenthood*, 677 A.2d 534, 540 (Me.1996). It was reasonable for the trial court to conclude that Martel was prejudiced by the unnecessary time and expense caused by Douglas's failure to cooperate in the discovery process.

[¶ 10] The final factor, "the need for orderly administration of justice," also weighs in favor of dismissal. More significant than the amount of time elapsed, is the number of warnings and extensions granted by the trial court. Douglas was "not entitled to a 'warning' that [his] blatant violations of the discovery rules could result in the dismissal of [his] action." *St. Paul Ins. Co.*, 2001 ME 71, ¶ 14, 770 A.2d at 615. Nevertheless, he was given two specific warnings that failure to comply would result in dismissal with prejudice. By forcing Martel to involve the trial court in discovery, Douglas "wastes the court's resources, causes unnecessary expense to the opposing party, and delays the ultimate resolution of the suit." *Harris*, 2000 ME 150, ¶ 17, 756 A.2d at 506. This waste of time and resources frustrates the orderly administration of justice.

[¶ 11] When a trial court is forced to intervene in the discovery process, it has broad discretion to impose deadlines and enforce discovery sanctions, including dismissal with prejudice. In this case, the trial court acted well within that discretion.

The entry is:

Judgment affirmed.

spondent on Inactive Status in the State of Maryland, it is this 13th day of November, 2003

ORDERED, by the Court of Appeals of Maryland, that the Joint Petition be and it is hereby GRANTED, and the respondent, David Hanan Greenberg, is placed on Inactive Status in the State of Maryland, to commence immediately, and it is further

ORDERED, that the Clerk of this Court shall strike the name of David Hanan Greenberg from the register of attorneys and shall certify that fact to the Trustees of the Clients' Protection Fund and the Clerks of all judicial tribunals in this State in accordance with Maryland Rule 16–772.