STATE OF MAINE
Cumberland, ss.

Fore LLC v. RJ Golf LLC, CV-07-147 (Superior Ct. Cumberland)
JRC Golf LLC v. Fore LLC, RE-07-72 (Superior Ct. Cumberland)

Before the court is a motion for discovery sanctions by Fore LLC, Hooded Merganser LLC, and Eider Inc. against RJ Golf LLC, JRC Golf LLC, Justin Caron and Anthony Caron.[1] The court held an evidentiary hearing on that motion on September 2, 2009.

The background to this motion is that after the close of discovery in this case, JRC Golf submitted reply papers on its motion for summary judgment attaching a document that had not been produced in discovery. Fore LLC then filed a motion for sanctions which was granted in part by this court by order dated May 8, 2009, and a further discovery order was issued on May 14, 2009.

Fore LLC now contends that although certain additional documents have been produced by the Caron parties pursuant to the court's May 14 order, the Caron parties have not produced other documents and that the only appropriate sanction is an order granting Fore LLC judgment as to liability in both CV-07-147 and RE-07-72 and setting the case for a damages hearing in CV-07-147.

There is no direct evidence that there are additional documents covered by the court's May 14 discovery order that have not been produced. In support of its request for sanctions, Fore relies instead on (1) the fact that the Caron parties originally failed to produce certain documents in the hands of their accountant, William Benoit, until after the May 14 discovery order and (2) their contention that Benoit was not credible when he testified that he has now produced everything responsive to Fore's discovery request that is in his possession.

The court has considered the five factors set forth in St. Paul Insurance Co. v. Hayes, 2001 ME 71 ¶ 8, 770 A.2d 611, 614, and Harris v. Soley, 2000 ME 150 ¶ 10, 756 A.2d 499, 504-05. Moreover, the court agrees that there appear to be problems with Benoit's credibility on certain issues. Some of those issues relate to records that have not been fully accounted for. Others do not relate to the existence or non-existence of records but to the merits of the dispute between Fore and the Caron parties. As a result, the court considers this to be a close case.

Ultimately, the court has determined that the discovery sanction sought by Fore LLC should not be imposed at this time. This is true for several reasons:

First, all of the cases of which the court is aware in which the kind of ultimate sanction sought by Fore LLC has been granted involve obvious refusals or obstructions of discovery. The court has not found a case where discovery sanctions of this nature have been imposed in a case where the party against whom sanctions are sought insists

---

[1] Fore LLC, Hooded Merganser LLC and Eider Inc. (collectively "Fore LLC") are the defendants in RE-07-72, and Fore LLC is the plaintiff in CV-07-147. JRC Golf LLC is the plaintiff in RE-07-72, and RJ Golf LLC, Justin Caron, and Anthony Caron are the defendants in CV-07-147. JRC Golf LLC, RJ Golf LLC, Justin Caron, and Anthony Caron will be referred to herein as the "Caron parties."

that it has turned over all responsive documents in its possession and where there is no direct evidence to the contrary. At trial Fore LLC will have the opportunity to argue that the Caron parties are still withholding documents, and the jury will decide.

Second, the court does not conclude on this record that Fore LLC has been sufficiently prejudiced to justify a sanction imposing liability on the Caron parties without a trial.[2] Fore LLC acknowledges that the documents that were produced in response to the May 14 discovery order have significantly advanced its misrepresentation claims. Based on the hearing, the court concludes that Fore LLC is currently in a strong position to argue that there were material misrepresentations. To the extent that additional records exist that have not been produced, Fore LLC has a basis to argue that issue to the jury and on this record is entitled to an instruction that if the jury concludes that the Caron parties have withheld documents, the jury would be entitled to infer that those documents would undercut the position taken by the Caron parties in this litigation.

Third, the sanction sought by Fore LLC would also be too sweeping in view of the other issues in this case. Specifically, the court understands that there is a basis for the Caron parties to argue that regardless of the misrepresentations alleged by Fore LLC, its principal, Robert Adam, did not rely on those representations when Fore purchased the Rivermeadow course. That issue is not affected by the records that Fore contends are still unaccounted for.

While no one of the above factors would necessarily be sufficient to preclude the sanction sought by Fore, the combination of all of those factors leads the court to exercise its discretion against such a sanction on this record.

If Fore LLC wants to pursue the issue of whether there are additional documents that have not been produced, the court would entertain any reasonable requests for further discovery. Moreover, if it should subsequently come to light that the Caron parties or accountant Benoit, who is both their agent and their designated expert, are withholding additional records called for by the May 14 discovery order or have failed to search for such records despite Benoit's testimony on September 2 that an adequate search was made, the court would reconsider its denial of Fore LLC's request that the Caron parties should be sanctioned by the entry of judgment as to liability. At this time, however, the court concludes that the appropriate sanction is a jury instruction as outlined above in addition to the attorneys fees that have already been ordered.

Fore LLC may file an application for its attorneys fees as ordered previously and for any additional attorneys fees that it contends were necessitated by discovery failures on the part if the Caron parties. Fore LLC may file that application within 30 days from

---

[2] Fore argues that the original failure by the Caron parties to produce the records in question, at least until the May 14 discovery order, has resulted in delay that has prejudiced Fore. However, the initial delay in reaching this case for trial resulted from Mr. Adam's medical condition. Subsequently, although the disposition of the parties' cross motions for summary judgment was interrupted because of Benoit's submittal of a record not produced in discovery, the documents thereafter produced in response to the May 14 order have significantly advanced Fore's case. Under the specific circumstances of this case, therefore, it is difficult to conclude that Fore has been prejudiced by delay.

the date of this order unless it decides to undertake additional efforts to determine whether documents have not been produced, in which case it may file such an application within 30 days of the date that such efforts have been concluded. The Caron parties will have 21 days in which to file any opposition papers.

The entry shall be:

Discovery sanctions denied in part and granted in part as set forth above. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September __9__, 2009

Thomas D. Warren
Justice, Superior Court

THOMAS HALLETT ESQ
PO BOX 7508
PORTLAND ME 04112

Fore LLC
Hooded merganser LLC
Robert Adam
Judith Adam

JAMES NOUCAS ESQ
500 MARKET STREET SUITE 8
PORTSMOUTH NH 03801

RJ Golf LLC
Anthony Caron
Justin Caron

JOSEPH MAZZIOTTI ESQ
PO BOX 1319
PORTLAND ME 04104

Gorham Savings
Bank