STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
Cumberland. ss. Clerk's Office

NOV 17 2016

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-RE-16-148

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE FOR
WATERFALL OLYMPIC MASTER
FUND GRANTOR TRUST, SERIES I,

   Plaintiff,

  v.

DIMITRI J. BOURAS,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Judgment of Foreclosure and Sale
Title to Real Estate is Involved

11 Town Hall Place & 8 Pleasant St.
Brunswick, ME 04011
Cumberland County Registry of
Deeds, Book 25946, Page 1

### ORDER AND JUDGMENT

Before the court are (1) Defendant's motion to dismiss Plaintiff's complaint for commercial foreclosure and breach of contract, (2) Plaintiff's motion for summary judgment.[1] The court elects to decide both motions without oral argument. *See* M.R. Civ. P. 7(b)(7).

For the following reasons, Defendant's motion is denied and Plaintiff's motion is granted.

### I. Background

On March 31, 2008, Defendant executed and delivered to Banco Popular North America ("Banco") a promissory note in the amount of $420,000.00. (Supp. S.M.F. ¶ 2.) To secure the note, Defendant executed and delivered to Banco a mortgage on property located at 11 Town Hall Place and 8 Pleasant Street, which does not serve as Defendant's primary residence. (*Id.* ¶¶ 3-4, 12.) Also on March 31, 2008, Defendant executed and delivered to Banco an

---

[1] Also before the court is the purported entry of appearance of 11 Town, LLC, which was filed November 8, 2016. 11 Town, LLC is not named as a party-in-interest in the case and has not filed any motion to intervene. An alleged party-in-interest cannot simply enter an appearance in a pending case—a motion to intervene is necessary. Also, the entry of appearance refers to a counterclaim that has not been filed in this case (and that cannot be unless intervention is granted). Accordingly, the entry of appearance is a nullity and is not addressed further.

1

assignment of rents collected at 11 Town Hall Place and 8 Pleasant Street. (*Id.* ¶¶ 5-6.) On October 2, 2014, Banco endorsed the note to Sutherland Asset I, LLC, which subsequently endorsed the note in blank. (*Id.* ¶ 7.) On December 16, 2014, Banco assigned the mortgage and assignment of rents to Waterfall Olympic Master Fund Grantor Trust, Series I. (*Id.* ¶¶ 8-9.) Plaintiff US Bank Trust National Association brings this action as Trustee for Waterfall Olympic Master Fund Grantor Trust, Series I.

Plaintiff alleges that Defendant has defaulted on the note, mortgage, and assignment of rents and that, as a result, Defendant owes: the remaining principal balance of $388,492.20, plus interest of $63,518.18, late fees of $2,051.03, processing fees of $850.00, advances of $8,724.92, and attorneys' fees and costs of $7,527.65. (*Id.* ¶¶ 11, 14.)

Plaintiff filed a complaint on May 5, 2016. In the complaint, Plaintiff alleged: count I, foreclosure and count II, breach of contract. Also on May 5, 2016, Plaintiff filed a motion for appointment of a receiver. On June 10, 2016, the court appointed Kevin O'Donovan to act as receiver. Defendant was served on June 8, 2016 and answered the complaint on June 27, 2016.

The case went to foreclosure mediation, but was removed from the foreclosure diversion program because the property is not the Defendant's primary residence.

Plaintiff filed a motion for summary judgment on August 29, 2016. Defendant has not filed an opposition to Plaintiff's motion. Defendant filed a motion to dismiss with prejudice on October 11, 2016. Plaintiff filed an opposition to Defendant's motion on October 28, 2016.

*II. Analysis*

A.     Motion to Dismiss

Defendant argues that the court should dismiss Plaintiff's complaint with prejudice because Mr. O'Donovan allegedly identified himself as the owner of 11 Town Hall Place and 8 Pleasant Street, broke into these properties, changed the locks, and negotiated a lease for an

2

apartment at 8 Pleasant Street. (Def.'s Mot. Dismiss 1.) Defendant's allegations do not offer a basis for dismissal. *See* M.R. Civ. P. 12(b)(1)-(7). Further, the court has appointed Mr. O'Donovan to act as receiver in this case, and his alleged actions are not inconsistent with his responsibilities as receiver. (*See* 6/10/16 Order (2)(b)-(c), (h).) On this record, there is no foundation for dismissing Plaintiff's complaint with prejudice.

B.     Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute of material fact and that any party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). A genuine dispute exists "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778. "To avoid a summary judgment, the nonmoving party must respond by filing (1) a memorandum of law in opposition to the motion for summary judgment; (2) a statement of material facts in opposition, with appropriate record references; and (3) copies of the corresponding record references." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653.

Defendant has not filed the required material. Still, even when a summary judgment motion is unopposed, the court has an independent obligation to review the entire record and satisfy itself that the moving party is entitled to summary judgment.

By failing to file an opposing statement of material facts, Defendant has admitted the facts contained in Plaintiff's statement of material facts. M.R. Civ. P. 56(h)(4). As a result, there is no genuine dispute as to whether a contract exists between Plaintiff and Defendant. Plaintiff has provided the note, mortgage, and assignment of rents, as well as the assignments from Banco to Plaintiff. (Supp. S.M.F. ¶¶ 2-9; Exs. A-E.) There also is no genuine dispute as to whether Defendant is in default of the note, mortgage, and assignment of rents. Plaintiff has

3

provided a statement of Defendant's account with Plaintiff's servicer, KeyBank National Association, which shows that Defendant is in default in the amount of $465,636.33. (Supp. S.M.F. ¶ 14; Ex. F.) The statement is supported by the affidavit of KeyBank employee Grant Winemiller, which meets the foundational requirements of the business records exception. M.R. Evid. 803(6). As a result, no genuine dispute of fact exists on this record.

*III. Conclusion*

Based on the entirety of the record, the court concludes that Defendant's allegations regarding Mr. O'Donovan do not warrant dismissal. Plaintiff's unopposed statement of material facts shows that there is no genuine dispute as to whether Defendant breached its contract with Plaintiff under the note, mortgage, and assignment of rents.

The court further finds as follows:

1. The names and addresses of all parties and their counsel of record are:

   Plaintiff U.S. Bank
   c/o Patrick C. Lever, Bar No. 5104
   Attorney for Plaintiff
   Preti Flaherty Beliveau & Pachios LLP
   One City Center
   Portland, ME 04101

   Dimitri J. Bouras
   P.O. Box 1121
   Kennebunkport, ME 04046

2. All parties received notice of the proceedings in this action, and the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

3. Reference is made to the mortgage, dated March 31, 2008, and recorded in the Cumberland County Registry of Deeds in Book 25946, Page 1, for an adequate description of the real estate involved.

4. Plaintiff is owed the following:

   a. Principal balance as of July 7, 2016: $388,492.20
   b. Interest from April 5, 2015 to July 31, 2016: $41,075.55
   c. Default interest from May 5, 2015 to July 31, 2016: $24,442.63

4

d. Late fees: $2,051.03
e. Processing fees: $850.00
f. Miscellaneous advances: $8,724.92
g. Attorneys' fees and costs to August 22, 2016: $7,527.65

TOTAL: $473,163.98

5. The order of priority and the amount of the claim of each party is:

a. First to Plaintiff in the amount of $473,163.98 plus pre-judgment interest at the contracted rate of 7.99% and post-judgment interest at the statutory rate pursuant to 14 M.R.S. § 1602-C.

b. Second to Defendant, if there are any surplus funds remaining.

It is hereby ORDERED AND ADJUDGED AS FOLLOWS:

Defendant's motion to dismiss with prejudice is denied and Plaintiff's motion for summary judgment is granted. Judgment is entered in favor of Plaintiff U.S. Bank and against Defendant Dimitri J. Bouras on counts I and II of Plaintiff's complaint.

If Defendant or his successors, heirs, and assigns do not pay the sum of $473,163.98 with interest to Plaintiff within 90 days of the date of this order, Plaintiff shall proceed with a sale of the property described in the mortgage. If Defendant or his successors, heirs, and assigns pay the sum of $473,163.98 with interest to Plaintiff within 90 days of the date of this order, Plaintiff shall discharge the mortgage and file a dismissal of this action with the clerk of court.

Plaintiff is ordered to record, after the expiration of the appeal period, an attested copy of this order in the Cumberland County Registry of Deeds and to pay any recording fees.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated November 16, 2016

_____
A.M. Horton
Justice, Superior Court

## CERTIFICATION OF CLERK

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court within the appeal period following the entry of judgment.

Dated: _____          _____
                                 Clerk of Court