STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.                                   Civil Action


DOUGLAS BEAN

            Plaintiff

        v.                                        Docket No. CUMSC-CV-16-0356

SUPERIOR TRUCKING, LLC

            Defendant

REC'D CUMB CLERKS OFC
FEB 20 '19 AM 10:29

## ORDER

Plaintiff Douglas Bean's Motion for Relief from Judgment and Motion to Reinstate Case pursuant to M.R. Civ. P. 60(b)(1) and 60(b)(6) are before the court, along with Defendant Superior Trucking, LLC's Opposition and Plaintiff's Reply. The court elects to decide the Plaintiff's motions without oral argument. *See* M.R. Civ. P. 7(b)(7).

For the reasons given below, the Plaintiff's motions are denied.

This case was filed September 7, 2016. A standard scheduling order issued on October 24, 2016. An amended scheduling order dated February 8, 2017 required Plaintiff to serve expert witness designations by May 8, 2017. Between May and December 2017, a lengthy and convoluted series of interactions between counsel for the parties, and among counsel and the court, ensued.

Ultimately, the court (L. Walker, J.) determined that the Plaintiff's counsel had failed to designate his expert witnesses in a timely manner and Plaintiff himself had

Plaintiff-Anthony Sineni, Esq.
Defendant Superior Trucking LLC-
John Topchik, Esq.

failed to cooperate in the prosecution of his cause of action, and dismissed the case as a sanction in an order dated January 18, 2018 and docketed January 23, 2018.

Plaintiff appealed the dismissal to the Supreme Judicial Court of Maine, sitting as the Law Court, *see Bean v. Superior Trucking, LLC*, Docket No. CUM-18-62 (Me. Sup. Jud. Ct.). The Law Court set a deadline of May 10, 2018 for Plaintiff to file his brief on appeal. After that deadline had passed with neither a brief nor a motion to extend the deadline having been filed, the Clerk of the Law Court dismissed the appeal. *See id.*, Order Dismissing Appeal (May 23, 2018). The Plaintiff requested review of the Order dismissing appeal, and the Law Court denied the Motion. *See id.*, Order Denying Motion to Review Order Dismissing Appeal or to Reinstate Appeal (June 5, 2018) (Gorman, J.).

On January 22, 2019, one day short of a year after the dismissal order in this court was docketed, Plaintiff filed the motions for relief and to reinstate that are now before this court. The motions essentially ask that the dismissal be set aside and the case reinstated to the active docket, based on Plaintiff's counsel's excusable neglect.

Neither the Rule 60(b)(1) and 60(b)(6) motion for relief nor the motion to reinstate qualify for relief. Plaintiff's recourse for challenging the trial court's dismissal of his action was to appeal, as he in fact did. The fact that his appeal was dismissed is no justification for allowing Plaintiff to circumvent the appeal process. *See Estate of Shapiro*, 1999 ME 25, ¶ 13 n.12, 723 A.2s 886 ("A Rule 60(b)(1) motion for relief from judgment cannot be used as a substitute for a direct appeal of the court's decision.").

2

IT IS ORDERED:   Plaintiff's Motion for Relief From Judgment and Motion to Reinstate are hereby denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated February 20, 2019

_____

A. M. Horton, Justice

Entered on the Docket: 2/21/19 mc

3



STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. CV-16-356

DOUGLAS BEAN,                    )
                                )
        Plaintiff               )
                                )      ORDER ON DEFENDANT'S
v.                              )      MOTION TO DISMISS AS
                                )      DISCOVERY SANCTION
SUPERIOR TRUCKING, LLC,         )
                                )
        Defendant.              )

Before the Court is Defendant's Motion to Dismiss Plaintiff's complaint as a sanction for Plaintiff's failure to comply with this Court's August 18, 2017 discovery order. Also pending are Plaintiff's Motion to Deem Treatment Providers as Already Designated and Motion to Designate Supplemental Expert Witnesses. A hearing on the pending motions was held on December 18, 2017. For the following reasons, Defendant's Motion to Dismiss is granted.

## I.     Background

Plaintiff filed his complaint on September 15, 2016, alleging that he had been seriously injured in a motor vehicle accident caused by Defendant in October 2010. On October 24, 2016, the Court entered a standard scheduling order which provided that Plaintiff's expert witnesses were to be designated within three months of the order, making Plaintiff's original deadline to designate experts January 24, 2017. On January 29, 2017, the Court granted a motion to extend all deadlines due to Attorney John Topchik's appearance as counsel for Defendant, which formally occurred on January 30, 2017. The amended scheduling order entered on February 8, 2017 granted Plaintiff an additional three months to designate his experts, making his new deadline May 8, 2017. That deadline passed with no action from Plaintiff.

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 16 2018

RECEIVED

Plaintiff- Anthony Sineni, Esq.
Defendant-L John Topchik, Esq.        1 of 10

On June 8, 2017, Defendant filed an unopposed motion to extend the ADR deadline and Defendant's deadline to designate experts. The reason given for the motion was "serial delays in Plaintiff responding to discovery requests and failing to appear at two scheduled depositions." The Court granted this motion on June 9, 2017. On June 27, 2017, Defendant requested a discovery conference with the Court. Defendant's request reiterated that Plaintiff had failed to appear for two depositions and complained that Plaintiff failed to comply with discovery requests and failed to provide signed medical authorizations which were served in January 2017. The conference was held on August 18, 2017 and resulted in the order that Defendant now charges Plaintiff with violating. The order provides: "Plaintiff to make complete responses to outstanding discovery no later than September 1, 2017. Counsel to file motion for enlargement of scheduling order deadlines by agreement to the extent possible. Plaintiff indicates that he will designate experts by September 1st; Defendant will object."

On August 25, 2017 Plaintiff filed a motion to extend time for ADR and all other scheduling order deadlines. Plaintiff specifically requested his deadline to designate experts be extended to September 15, 2017. Defendant filed an objection to Plaintiff's request to extend his expert designation deadline, citing the unexplained delay of three months.

On September 8, 2017, Defendant sent a letter to the Court which is being treated as the pending Motion to Dismiss. Defendant requested another discovery conference, seeking dismissal of Plaintiff's complaint for failure to comply with the August 18 order. As of the date of the motion to dismiss, Plaintiff had not supplemented any discovery or designated his experts. Defendant also informed the Court that Plaintiff had failed to appear for an Independent Medical Exam (IME) scheduled for September 5, 2017. Notice of the appointment was sent to the office of Plaintiff's

attorney Anthony Sineni on August 16, and Defendant sought (apparently unsuccessfully) to confirm the appointment with Plaintiff on August 21.

On September 18, 2017, the Court granted Plaintiff's motion to extend all deadlines except Plaintiff's deadline to designate experts. On October 26, 2017, Plaintiff filed his Motion to Deem Treatment Providers as Already Designated, arguing that he provided a designation of eight expert witnesses in his April 10, 2017 responses to Defendant's discovery requests. Attached to the motion is Plaintiff's Exhibit C, which is a summary of Plaintiff's medical providers; Plaintiff contends this document is his expert witness designation that was provided to Defendant. Exhibit C is an undated document and contains no indication that it was delivered to Defendant. Within this motion, Plaintiff alleged that he did not receive the Court's August 18 order. In its response to Plaintiff's motion, Defendant states Exhibit C, which Defendant notes appears to be an internal medical records summary, was never produced. On October 27, Plaintiff filed his Motion to Designate Supplemental Expert Witnesses, in which Plaintiff requests to designate medical professionals who treated him during the summer of 2017.

## II. Applicable law

M.R. Civ. P. 37 provides for discovery sanctions as follows:

> If a party … fails to obey an order to provide or permit discovery, including an order made under Rule 26(g), Rule 35 or subdivision (a) of this rule, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 26(g) or Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

M.R. Civ. P. 37(b)(2). On appeal, the imposition of sanctions for discovery violations is reviewed for an abuse of discretion, but sanctions such as dismissal or default receive closer scrutiny. *St. Paul Ins. Co. v. Hayes*, 2001 ME 71, ¶ 7, 770 A.2d 611. "The narrower discretion of the trial court in imposing a sanction of dismissal 'reflects the constitutional implications in dismissing an action without affording a party the opportunity to be heard on the merits of his case.'" *Id.* (*citing Fallon v. Casco-Northern Corp.*, 462 A.2d 53, 56 (Me. 1983)). However, the trial court's decision to dismiss an action as a discovery sanction will not be lightly overruled. *St. Paul Ins. Co.*, 2001 ME 71, ¶ 7, 770 A.2d 611.

To determine whether dismissal is an appropriate sanction, the trial court should consider the specific purpose of the discovery rules, the party's conduct throughout the proceedings, the party's bona fides in its failure to comply with the discovery rules, prejudice to the other parties, and the need for the orderly administration of justice. *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 17, 743 A.2d 237.

Death-knell sanctions such as default or dismissal are routinely upheld where a lighter sanction was previously imposed to no avail. *See, e.g., Douglas v. Martel*, 2003 ME 132, ¶¶ 8, 11, 835 A.2d 1099; *Colony Cadillac & Oldsmobile, Inc. v. Yerdon*, 558 A.2d 364, 367 (Me. 1989).

Nonetheless, parties are not entitled to a warning that blatant violations of the discovery rules could result in the dismissal of their action; the Law Court has "never said that the trial court must 'warn' a party before sanctioning that party with dismissal or default." *St. Paul Ins. Co.*, 2001 ME 71, ¶ 14, 770 A.2d 611.

## III. Analysis

Defendant's primary contentions in support of its Motion to Dismiss are that Plaintiff failed to timely supplement discovery and designate expert witnesses in violation of the August 18 order, failed to appear for an IME, and has generally engaged in dilatory and unprofessional conduct throughout the litigation.

### A. Failure to designate expert witnesses

Even if one were to accept Plaintiff's questionable argument that Exhibit C to his Motion to Deem Treatment Providers as Already Designated is a proper expert witness designation, Defendant asserts that this document was never produced, and Plaintiff has presented no evidence to the contrary. Exhibit C contains no notation indicating that the document was served on Defendant, no date on which it was delivered, and no suggestion that it was intended to be an expert designation. Rather, it appears that Plaintiff has presented an internal record to the Court and falsely alleged that it was provided to Defendant in an effort to correct Plaintiff's mistake by seeking the Court's confirmation that experts were in fact designated before the original deadline. Alarming as this contention may be, it is the contention made by Defendant and has not been refuted by any evidence presented by Plaintiff.

Plaintiff's argument that he never received the Court's August 18 order requiring complete responses to outstanding discovery to be made by September 1 is not credible. This order was issued on the same date as the hearing on this discovery dispute, during which Plaintiff represented

to the Court that he would designate his experts by September 1. Defendant received the order and referenced its contents in an email to Plaintiff dated August 21, 2017. Despite discussing the expert designation issue at the August 18 hearing, receiving a reminder from Defendant on August 21 that the designation still needed to be done, and in all likelihood personally receiving a copy of the Court's order, rather than simply composing a suitable expert designation, Plaintiff has instead persisted in attempting to cover up his error.

Plaintiff's deadline to designate experts has been formally extended once, and even after that extended deadline was missed by over three months, Plaintiff was offered the opportunity to provide a late designation, subject to Defendant's anticipated objection. Plaintiff's delay regarding the expert designation matter remains unexplained. Plaintiff has presented the Court with no credible excuse, and it would be difficult to conceive of one at this point. Coupled with the probability that Plaintiff willfully or recklessly made a misrepresentation to the Court regarding his production of an expert witness designation to Defendant, this issue alone merits sanctions.

*B. Failure to appear for IME*

The parties do not dispute that Plaintiff failed to appear for an IME scheduled for September 5, 2017. Plaintiff contends that the IME was not scheduled pursuant to a court order or with his consent in accordance with M.R. Civ. P. 35, and therefore he committed no wrongdoing in failing to appear for the appointment. Notice of the IME was sent to Attorney Sineni's office on August 16. In his August 25 Motion to Extend Time, Attorney Sineni acknowledged without objection that the IME had been scheduled, and by letter dated August 31, he attempted to contact his client to notify him of the IME and confirm that the date was acceptable to him. Plaintiff was clearly aware that the IME was scheduled, and he made no objection to Defendant, even after Defendant attempted to secure confirmation from Attorney Sineni that his client would attend the

IME. It was not until September 27, several weeks after his client failed to appear for the IME, that Attorney Sineni contacted Attorney Topchik to inquire about any documentation of his agreement to the IME.

As Defendant points out, and as is noted in the Advisory Committee's Notes to M.R. Civ. P. 35 (1959), physical "examinations are permitted by consent as a matter of course in most personal injury cases." If Plaintiff did not consent to the IME, he had ample opportunity to object and put Defendant on notice that he would need to seek a court order. Instead, he did not notify Defendant that Plaintiff would not attend the IME and waited until the date of the examination had passed before raising the issue of consent with Defendant. Arguably, Plaintiff's repeated acknowledgment of the fact that the IME was scheduled, as well as his failure to timely object, equate to consent. Plaintiff's failure to attend the IME has created further delay in moving the litigation forward and caused Defendant to incur the expense of an IME that was not conducted.

*C. Other violations*

Although not as thoroughly documented, Defendant has alleged a number of other discovery violations such as Plaintiff's failure to attend two scheduled and properly noticed depositions and provision of incomplete discovery responses which were not supplemented by the Court's September 1 deadline, as well as a pattern of failure to communicate in a timely and reasonable manner with Defendant. In response to these allegations, Attorney Sineni has attempted to place the bulk of the blame on his client's apparent inability to communicate with Attorney Sineni and his office. However, Attorney Sineni's difficulty in managing his client is not an adequate excuse for prejudicing Defendant in its ability to properly defend the case.

Although the Court can appreciate that Mr. Bean may be harmed if his case is dismissed due to his attorney's misconduct, Mr. Bean himself is not entirely blameless. By affidavit dated

October 25, 2017, Benita Dunton, legal assistant to Attorney Sineni, detailed the numerous efforts she has made to stay in contact with Mr. Bean throughout the course of the litigation. She asserted that he has been unresponsive, uncooperative, and sometimes even hostile. When a plaintiff invokes the power of the courts by bringing a claim against a defendant, he must be willing to participate in the litigation.

## IV.    Conclusion

Any one of Plaintiff's discovery violations would be grounds for sanctions in this case. For several months, Attorney Sineni has been on notice that his actions are under close scrutiny. At both hearings on the discovery disputes in this case, the Court repeatedly admonished Attorney Sineni for his conduct during this litigation while exhibiting forbearance and allowing him more time for him to comply with garden-variety discovery obligations. In return for this temperance, he has yet to comply with the Court's August 18 order. He has quite inexplicably failed to designated any experts in a case that would certainly require expert testimony, despite having been given one full enlargement of three months and an additional enlargement beyond that based on his promise to the court that he would designate by September 1, 2017. Attorney Sineni appears to have made what can only be reasonably be characterized as a misrepresentation to the Court that he produced a document to Defendant that would constitute an expert witness designation. The court is comfortably satisfied that the internal medical records summary which Mr. Sineni holds out as a totem to ward off accountability is:  (a) not an expert designation; (b) was never intended to serve as an expert designation; (c) was never produced.  If this were so, there would have been no need for Plaintiff to have filed his motions to alternatively have the court *deem* experts to have been designated or to allow for supplemental designation of experts.  This is not, as Plaintiff's counsel would have it, a riddle wrapped in a mystery, inside an enigma.  A simpler,

Occam's razor explanation based on the empirical timeline is that Plaintiff has repeatedly and, almost dutifully, flouted basic discovery obligations despite repeated chastising by the Court with one hand and allowing for his redemption with the other.

Plaintiff has displayed a pattern of obstinate noncompliance in prosecuting this case. In upholding death-knell sanctions for refusal to cooperate in discovery and failure to comply with a court order, the Law Court stated:

> Recourse to the authority of the court for orders compelling compliance with the rules must be the exception rather than the rule. Ordinarily, the court's intervention in discovery matters should be necessary only where there is a legitimate dispute regarding the responsibility of one party to provide certain discovery. When one party forces another to obtain a court order merely to enforce an obligation that is not legitimately in dispute, that party wastes the court's resources, causes unnecessary expense to the opposing party, and delays the ultimate resolution of the suit. Hence, a party's failure to cooperate in discovery prior to the entry of a court order compelling compliance constitutes 'conduct throughout the proceeding' that may be considered by a court in determining an appropriate sanction for purposes of M.R. Civ. P. 37(b).

*Harris v. Soley*, 2000 ME 150, ¶ 17 (*citing Baker's Table, Inc.*, 2000 ME 7, ¶ 17, 743 A.2d 237); *see also* M.R. Civ. P. 37(b)(2)(C) (authorizing the court to "dismiss[] the action or proceeding" as a sanction for "fail[ure] to obey an order to provide or permit discovery").

The injury in this case occurred over seven years ago. The lawsuit has been ongoing for a year and a half and Plaintiff's counsel has yet to successfully designate his expert witnesses. Plaintiff's conduct in discovery and failure to obey a court order have served to prejudice Defendant's ability to properly defend the claim and have created unexplained and unreasonable delay. Dismissal is never an appropriate sanction if it is not appropriate in this case. The sanction of dismissal is warranted.

For the foregoing reasons, Defendant's Motion to Dismiss as a discovery sanction is GRANTED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated:    1/15/18

Lance E. Walker, Justice
Maine Superior Court

DOCKETED
1/23/18 -
mc/