## Willard V. SLEAMAKER

v.

## Clifton HAMMOND.

Supreme Judicial Court of Maine.

Argued May 8, 1990.
Decided July 3, 1990.

James E. Mitchell (orally), Jim Mitchell & Jed Davis, P.A., Augusta, for plaintiff.

Daniel J. Stevens (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendant, Clifton Hammond, appeals the order of the Superior Court (Kennebec County, *Alexander, J.*) granting a summary judgment in favor of the plaintiff, Willard Sleamaker, in this quiet title action involving a parcel of land in the town of Mt. Vernon to which both parties claim title. We affirm the judgment.

The record reveals the following facts. In 1929, the disputed parcel was deeded to Lillia G. Libby, who failed to pay the property tax assessments between 1940 and 1945. In April 1941, Mt. Vernon filed a tax lien certificate for the unpaid 1940 taxes in the registry of deeds. By statute the tax liens assigned the town a superior mortgage interest in the property and mandated automatic foreclosure and extinction of redemption rights if no payment was made within eighteen months after such filing.[1]

---

1. R.S.1944, ch. 81, § 98 provided:
   The filing of the [tax lien] certificate ... in the registry of deeds ... shall be deemed to create and shall create a mortgage on said real estate to the town in which the real estate is situated having priority over all other mortgages, liens, attachments, and encumbrances of any nature, and shall give to said town all the rights usually incident to a mortgagee, except that the mortgagee shall not have any right of possession of said real estate until the

In 1945 and 1946, Libby paid all back taxes and a discharge of the lien was entered in the margin of the tax lien certificate.

Libby conveyed the property to Louis G. Jenney in 1951, who conveyed the property to Lawrence Jenney in 1965. Lawrence Jenney conveyed the property to Edwin Kenney in 1971, who died intestate in 1973. In 1988 the Kenney heirs conveyed their interest in the property to the defendant for $90,000.

The plaintiff's chain of title diverges from the defendant's at Louis G. Jenney. Louis died intestate in 1973 and his widow conveyed the property to Doris Holyoke. Holyoke in turn conveyed the parcel to Howard Malloy in 1978, who conveyed it to the Howard Malloy Trust in 1986. The Trust conveyed the property to the plaintiff in 1986. Both parties agree that this specific chain of title is invalid because Louis Jenney's widow would, in any case, have had no interest in the parcel at the time of her husband's death because she had previously joined with Louis Jenney in the conveyance to Lawrence Jenney in 1965.

In 1974, however, Howard Malloy obtained from the town of Mt. Vernon a deed for two adjoining parcels and the town's interest in the parcel presently in dispute. After a hearing, the court granted the plaintiff's motion for a summary judgment as to the plaintiff's ownership of the parcel in issue, and the defendant appeals.

Summary judgment was intended to permit prompt disposition of cases in which the dispute is solely dependent on the resolution of an issue of law. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me.1985). It may be used to isolate questions of law that will be dispositive of the case. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me.1985); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 (2d ed. 1970). Here, the underlying facts are not in dispute and both parties agree that the tax lien statute, R.S.1944, ch. 81, § 98, controlled the disposition of the land after

Lillia G. Libby failed to make a timely payment of her property tax.

■ The defendant challenges the Superior Court's ruling concerning the legal validity of the town's title to the land by virtue of the tax lien. He contends that three defects in the original tax lien rendered it invalid. The first claimed defect is that the lien is invalid because the tax lien certificate "was not assessed against the true owner of record." Citing *Cary v. Town of Harrington*, 534 A.2d 355 (Me. 1987), he maintains that the certificate is fatally defective because it named the owner as "Lillia Libby" instead of "Lillia G. Libby." In *Cary*, we held that the reversal of the debtor's name from Campbell Cary to Cary Campbell rendered a tax lien certificate invalid because a title search under the correct name would not reveal the existence of the lien. *Cary*, however, is manifestly *not* applicable to the instant case: omission of the middle initial does not render a name incorrect nor would it prevent a title searcher from discovering the presence of the lien.

■ As a second defect, the defendant claims that the description in the lien certificate of the bounds of the disputed parcel by the abutting property is inadequate because it cannot be determined by the description the dimensions or size of the parcel. The defendant does not claim inaccuracy in the designation of abutting property bounding the parcel. We have previously held that the description in tax liens is a "functional" one, *Aucella v. Town of Winslow*, 564 A.2d 68, 69 (Me.1989), and that a description of the bounds of property by the correct designation of the abutting property is sufficient to identify a given parcel. *Estabrook v. Town of Bowdoin*, 568 A.2d 1098, 1099 (Me.1990).

■ Finally, the defendant contends that the lien is defective because the town did not separately assess the several contig-

right of redemption provided for in this and the preceding section shall have expired.

*If said mortgage, together with interest and costs, shall not be paid within 18 months after the date of the filing of said certificate in the*

*registry of deeds as provided for in this and the preceding sections, the said mortgage shall be deemed to have been foreclosed and the right of redemption to have expired.*

(Emphasis added).

uous parcels specified in the lien certificate, one of which is the parcel in dispute. We have previously stated that the accepted rule is "that the tax assessors have a reasonable degree of discretion in determining where individual parcels exist, and if the assessors have acted reasonably in the discharge of their statutory responsibility to place a separate assessment on each parcel of real estate, the assessment will be upheld." *City of Augusta v. Allen*, 438 A.2d 472, 476 (Me.1981). Whether the method of assessment is reasonable is largely a question of fact for the trial court. *Id.* The defendant points to nothing in this record that indicates that the assessor did not act reasonably in the method of assessment of the contiguous parcels then owned by Lillia G. Libby.

The defendant also challenges the validity of the town's 1974 deed to Howard Malloy. He contends that the town did not convey the deed to Malloy with the requisite intent necessary for a valid conveyance. In this instance, however, the intent of the town is irrelevant. The present dispute does not involve the town, and accordingly, this issue does not preclude summary judgment as between these parties on the undisputed facts of this case.

■ Finally, the defendant contends that "the equities of the case require this court to establish a constructive trust in [his] favor...." He argues that the plaintiff's title to the property is based upon a mistake by the prior owners and the town; specifically, that the town intended to relinquish title to the property when it discharged the lien in 1946. We have previously stated that "a constructive trust may be imposed to do equity and to prevent unjust enrichment when title to property is acquired by fraud, duress, or undue influence, or is acquired or retained in violation of a fiduciary duty." *Gaulin v. Jones*, 481 A.2d 166, 168 (Me.1984); *see also Chandler v. Dubey*, 325 A.2d 6, 8 (Me.1974); *Restatement of Restitution* § 160 (1937). The record here is devoid of any evidence of fraud, duress, undue influence or violation of a fiduciary duty. Accordingly, we find no merit in this contention. Nor do we find

any merit in the defendant's assertion, without citation of authority, that the town did not comply with established internal procedures in transferring its interest in the property.

The entry is:

Judgment affirmed.

All concurring.