ENTERED NOV 2 0 2014
SAG-BATSC CV-12-028

STATE OF MAINE                                        SUPERIOR COURT

Sagadahoc, ss                                         Docket No. RE-12-<del>283</del>
(Bath, ME)                                            5/27/2014
                                       Sag

MECHANICS SAVINGS BANK

     Plaintiff

       v.

TOWN OF RICHMOND and
MALAMUTE INVESTMENT
MANAGEMENT, INC.

     Defendants

       and

HOWARD HOFFMAN

     Party-in-Interest

## DECISION AND JUDGMENT

Before the court is plaintiff Mechanics Savings Bank's [Mechanics] motion for summary judgment. Mechanics' properly supported facts are deemed admitted because defendants have been precluded from filing opposing facts. (*See* 3/27/14 Order.) The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

### Background

This case is about who owns the property at 19 Frog Lane in Richmond, Maine. Defendant Malamute Investment Management, Inc. ("Malamute") conveyed the property to Celia Winslow in 2006. (Supp. S.M.F. ¶ 2.) Party-in-Interest Howard Hoffman is the sole shareholder and owner of Malamute and is also married to Celia Winslow. (Supp. S.M.F. ¶ 3.) On December 27, 2006, Winslow granted a mortgage to plaintiff Mechanics. (Supp. S.M.F. ¶ 5.) The

mortgage accurately described the property but failed to include the Frog Lane street number assigned to the property. (Supp. S.M.F. ¶ 6.) This omission created future taxing errors that gave rise to this case.

Celia Winslow defaulted on her mortgage and Mechanics commenced foreclosure proceedings on April 8, 2008. (Supp. S.M.F. ¶ 7.) Mechanics received a judgment of foreclosure, but the judgment incorrectly identified the address of the property as 3 Frog Lane instead of 19 Frog Lane. (Supp. S.M.F. ¶¶ 11-12.) Mechanics then obtained title to the property as high bidder at the foreclosure auction. (Supp. S.M.F. ¶ 13.) Although the foreclosure deed is correct, the accompanying Maine Real Estate Transfer Tax Form failed to properly identify the property. (Supp. S.M.F. ¶ 14.) As a result, the Town of Richmond incorrectly named Mechanics as the owner of Lot 4.1 instead of Lot 4.2 on its tax map. (Supp. S.M.F. ¶¶ 15-16.)

The Town of Richmond received notice of the foreclosure, but continued to assess Malamute for the property at 19 Frog Lane.[1] (Supp. S.M.F. ¶¶ 8-9.) When the taxes went unpaid from 2008-2011, the Town of Richmond sent the statutorily required tax lien notices to Malamute instead of Mechanics. (Supp. S.M.F. ¶¶ 17, 29.) Meanwhile, the Town sent tax lien notices for Lots 4.1 and 4.11 to Mechanics, which Mechanics believed was the property that it owned. (Supp. S.M.F. ¶¶ 22-23.) Mechanics paid the tax bill for those properties in January 2012. (Supp. S.M.F. ¶ 23.) Eventually, Hoffman paid the outstanding taxes for 19 Frog Lane, despite knowing that neither Malamute nor Winslow owned the property. (Supp. S.M.F. ¶ 27.) The Town of Richmond executed a quitclaim deed to Malamute for the property after Hoffman paid the arrears. (Supp. S.M.F. ¶ 30.)

---

[1] It is unclear why the Town assessed Malamute and not Winslow, the owner after 2006.

2

Only after Hoffman paid the taxes did Mechanics discover the error. (Supp. S.M.F. ¶ 28.) The Town of Richmond now recognizes Mechanics as the owner of the property at 19 Frog Lane. (Supp. S.M.F. ¶ 36.)

## Procedural History

Mechanics filed its complaint on October 26, 2012. It seeks declaratory judgment pursuant to 14 M.R.S. § 5953 that it owns the property located at 19 Frog Lane in Richmond, Maine. Following a discovery dispute between the parties, the court sanctioned defendants for failing to appear for properly noticed depositions and violating a court order. The court ordered that defendants could not file opposing statements of material fact but allowed them to file opposing legal memoranda.

## Discussion

### 1. Standard of Review

"Summary judgment is appropriate when there is no genuine issue of material fact that is in dispute and, at trial, the parties would be entitled to judgment as a matter of law." *Fitzgerald v. Hutchins*, 2009 ME 115, ¶ 9, 983 A.2d 382. "An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter." *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶ 10, 956 A.2d 104.

### 2. Tax Lien Foreclosure

Mechanics argues that the Town of Richmond's tax lien foreclosure was invalid because the Town did not send notice of the liens and impending foreclosure to the record owner as required by statute. Malamute argues that because Mechanics did not record its foreclosure deed until March 22, 2011, it

3

was not the record owner and therefore not entitled to receive notice of the tax liens and impending foreclosure.

Under Maine's tax lien statute,

At the time of the recording of the tax lien certificate in the registry of deeds, in all cases the tax collector shall file with the municipal treasurer a true copy of the tax lien certificate and shall hand deliver or send by certified mail, return receipt requested, to each record holder of a mortgage on that real estate, to the holder's last known address, a true copy of the tax lien certificate. If the real estate has not been assessed to its record owner, the tax collector shall send by certified mail, return receipt requested, a true copy of the tax lien certificate to the record owner.

36 M.R.S. § 942 (2013). Similarly, the foreclosure section provides:

The municipal treasurer shall notify the party named on the tax lien mortgage and each record holder of a mortgage on the real estate not more than 45 days nor less than 30 days before the foreclosing date of the tax lien mortgage, in a writing signed by the treasurer or bearing the treasurer's facsimile signature and left at the holder's last and usual place of abode or sent by certified mail, return receipt requested, to the holder's last known address of the impending automatic foreclosure and indicating the exact date of foreclosure.

36 M.R.S. § 943.

"[S]tatutes governing the procedures whereby an owner may lose his property for the nonpayment of taxes are to be strictly construed against the taxing authority." *Johnson v. Town of Dedham*, 490 A.2d 1187, 1190 (Me. 1985) (quoting *City of Augusta v. Allen*, 438 A.2d 472, 474 (Me. 1981)). If a town fails to comply strictly with statutory requirements, its tax lien is void. *Cary v. Town of Harrington*, 534 A.2d 355, 358 (Me. 1987).

The Town of Richmond mistakenly sent the lien and foreclosure notices to Malamute, even though Malamute was no longer the record owner of the property as of 2006. Malamute argues that Mechanics was not the record owner at the time due to its failure to record, but Malamute was also not the record

4

owner because it had conveyed the property to Winslow. Because only Malamute received the notices, they were sent to the wrong party, regardless of whether Winslow or Mechanics was the record owner. The Town of Richmond, therefore, failed to comply with the statutory requirements. Accordingly, its tax liens and subsequent foreclosure of the property are void.

Malamute received a quitclaim deed from the Town of Richmond. "[A] quit claim deed is only effective to convey whatever interest the grantor may have had in the land." *Ricker v. United States*, 417 F. Supp. 133, 140 (D. Me. 1976). Because the Town had no interest to convey, Malamute received no interest in 19 Frog Lane.

The entry is

> Mechanics' motion for summary judgment is GRANTED.
>
> The court declares that Plaintiff Mechanics Savings Bank owns the property at 19 Frog Lane in Richmond, Maine, which property is shown on the Town of Richmond Tax Map U13, Lot 4.2, and is more particularly described at Sagadahoc County Registry of Deeds Book 3277, Page 334.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Decision and Judgment by reference in the docket.

Dated May 27, 2014

_____
Justice, Superior Court  A. M. Horton

Recording Requirements Pursuant to 14 M.R.S. § 2401:

1. Names and addresses of the parties to the action, including counsel of record:

**Plaintiff:**

Mechanics Savings Bank
100 Minot Avenue
P.O. Box 400

5

Auburn, ME 04212

Counsel of Record:

    Sonia Buck, Esq.
    Linnell, Choate & Webber
    83 Pleasant St.
    P.O. Box 190
    Auburn, ME 04212

**Defendants:**

    Malamute Investment Management, Inc.
    3 Dirigo Dr.
    Scarborough, ME 04074

    Town of Richmond
    26 Gardner St.
    Richmond, ME 04357

Counsel of Record:

    Elliott R. Teel, Esq.
    615 Congress St.
    P.O. Box 5072
    Portland, ME 04101

**Party-in-Interest:**

    Howard Hoffman
    3 Dirigo Dr.
    Scarborough, ME 04074

2. The docket number: Sagadahoc County Superior Court RE-12-28.

3. The Court expressly finds that all parties have received notice of the proceedings as required by the Maine Rules of Civil Procedure.

4. The property is found at 19 Frog Lane in Richmond, ME. It is Lot 4.2 on the Town of Richmond's tax map U13 and found in the Sagadahoc County Registry of Deeds at Book 3277, page 334.

MECHANICS SAVINGS BANK - PLAINTIFF

Attorney for: MECHANICS SAVINGS BANK
S    A J BUCK  - RETAINED 10/26/2012
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190


vs

TOWN OF RICHMOND - DEFENDANT
26 GARDNER STREET
RICHMOND ME 04357
Attorney for: TOWN OF RICHMOND
SALLY DAGGETT  - RETAINED
JENSEN BAIRD GARDNER HENRY
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


MALAMUTE INVESTMENT MANAGEMENT INC - DEFENDANT
3 DIRIGO DRIVE
SCARBOROUGH ME 04074
Attorney for: MALAMUTE INVESTMENT MANAGEMENT INC
ELLIOTT R TEEL  - RETAINED
LAW OFFICE OF ELLIOTT R TEEL PA
615 CONGRESS ST SUITE 511
PO BOX 5072
F    LAND ME 04101


HOWARD HOFFMAN  - PARTIES IN INTEREST
3 DIRIGO DRIVE
SCARBOROUGH ME 04074

Filing Document: COMPLAINT
Filing Date: 10/26/2012

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-RE-2012-00028

DOCKET RECORD

3/27/2014

Minor Case Type: QUIET TITLE

Docket Events:

STATE OF MAINE
Sagadahoc, ss.

SUPERIOR COURT
S9G-AMH-03-27-14

MECHANICS SAVINGS BANK

Plaintiff

v.                                    Docket No. BATSC-CV-12-028

TOWN OF RICHMOND and
MALAMUTE INVESTMENT MANAGEMENT

Defendants

HOWARD HOFFMAN

Party in interest

## ORDER FOR SANCTIONS

Before the court is Plaintiff Mechanic Saving Bank's Motion For Sanctions Pursuant To Rule 37. Plaintiff requests that the court impose sanctions against defendant Malamute Investment Management and party-in-interest Howard Hoffman, based on their failure to appear for deposition upon oral examination in violation of the discovery rules and an order of the court. Malamute and Mr. Hoffman have filed oppositions to the Bank's motion. The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

### Background

Plaintiff Bank filed its complaint on October 26, 2012, seeking a declaratory judgment to the effect that it owns the property located at 19 Frog Lane, Richmond, Maine. The Town of Richmond filed its answer on November 16, 2012. On November 26, 2012, defendant Malamute Investment Management ("Malamute") filed an answer, a counterclaim, a motion for summary judgment, and an application to proceed without

fees. The president and sole shareholder of Malamute, Howard Hoffman, signed all of the court filings for Malamute. Mr. Hoffman is not an attorney authorized to engage in the practice of law in the State of Maine.

The court denied the application to proceed without fees on November 29, 2012. On December 6, 2012, Malamute, again via Mr. Hoffman, filed a motion to withdraw its previous demand for a jury trial. Mr. Hoffman later moved to intervene individually as a party in interest in the case, and has been representing himself in that capacity.

On December 7, 2012, the Bank filed a motion to strike all of Malamute's court filings and requested default, and Malamute, again through Mr. Hoffman, filed an opposition. In an order dated January 8, 2013, the court granted the motion to strike all of the filings signed by Mr. Hoffman on behalf of Malamute, because Malamute has to be represented by an attorney authorized to practice in Maine, and Mr. Hoffman is not an attorney. However, the court afforded Malamute the opportunity to set aside the default by retaining an attorney to file a motion to set aside default by February 8, 2013. Attorney Elliot Teel entered an appearance on behalf of Malamute and filed a motion to set aside default on February 7, 2013. On March 5, 2013, the court granted the motion to set aside default and granted Hoffman's motion to intervene as a party-in-interest. Hoffman filed an answer on March 25, 2013. The court set the discovery deadline for September 5, 2013.

Plaintiff Bank's counsel attempted to schedule depositions upon oral examination of both Malamute and Mr. Hoffman for the end of August but Hoffman responded that he could not attend because he was moving. On September 4, 2013, the Bank filed a

2

motion to extend the discovery deadline, on the ground that Hoffman and Malamute[1] did not appear for their properly noticed depositions. The court extended the discovery deadline to November 3, 2013. The Bank's counsel noticed a deposition for October 15, 2013, but Hoffman once again stated that he could not attend in person. Malamute then filed a motion seeking an order for the depositions to be conducted remotely on October 10, 2013.

In an order dated November 5, 2013, the court denied Malamute's request for remote deposition and ordered Hoffman to provide opposing counsel with five dates on which he would be available for a deposition at plaintiff's counsel's office before January 15, 2014. The court specifically stated that it was "a discovery order for purposes of M.R. Civ. P. 37."

The court held a status conference on January 7, 2014, in which the Bank's and Malamute's counsel, but not Mr. Hoffman, participated, and as a result issued an order noting that Hoffman had failed to appear at a properly scheduled deposition pursuant to its November 5 order, and also noting that a motion under Rule 37 could be filed. Despite this clear warning, Mr. Hoffman still failed to make himself available for his and Malamute's depositions.

On January 27, 2014, plaintiff filed its Motion For Sanctions Pursuant To Rule 37, asking the court, among other sanctions, to preclude Malamute and Mr. Hoffman from opposing summary judgment in favor of the Bank. Both Malamute and Hoffman filed oppositions to the motion on February 18, 2014, and the Bank filed a reply memorandum February 24, 2014.

---

[1] Mr. Hoffman was to be deposed individually and Malamute was to designate someone to testify on its behalf pursuant to M.R. Civ. P. 30(b)(6).

3

## Discussion

### 1. Timeliness of Defendants' Oppositions

Plaintiff first argues that defendants Hoffman and Malamute filed late oppositions to plaintiff's motion for sanctions. Plaintiff states that its motion was filed on January 24, 2014, however, the date stamp shows that it was received on January 27, 2014. Defendants were required to file within 21 days of this date. M.R. Civ. P. 7(c)(2). Although the deadline would have been February 17, 2014, that date, President's Day, is a legal holiday. Under the rules, defendants were allowed to file the following day, February 18, 2014. M.R. Civ. P. 6(a). Defendants' filings were stamped as received on February 18, 2014 and were therefore timely filed.

### 2. Motion for Sanctions

Plaintiff's motion seeks sanctions under Rule 37 because Mr. Hoffman and Malamute failed to appear for their properly noticed depositions, and to comply with the court's order regarding their depositions. Rule 37 provides

> [i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails . . . to appear before the officer who is to take a deposition, after being served with a proper notice . . . without having made an objection thereto . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

M.R. Civ. P. 37(d).

Malamute is a party defendant, and Mr. Hoffman clearly qualifies as both a party and an officer of a party, for purposes of the rule. Malamute's and Mr. Hoffman's depositions were always scheduled *seriatim*, and whenever Mr. Hoffman failed to appear,

4

Malamute failed to appear as well.  *See* Plaintiff's Motion for Sanctions Pursuant to Rule 37, Exhibits A, B and F.  On that basis, the court has no hesitation in deeming party-in-interest Hoffman's dilatory conduct to be the conduct of Defendant Malamute as well.

Plaintiff has clearly established that Malamute as a party and Mr. Hoffman as a party have both failed repeatedly to appear for deposition upon oral examination.

Section (b)(2) of Rule 37 gives the court discretion to order a remedy for a discovery failure, including issuing "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." M.R. Civ. P. 37(b)(2)(C).  In this case, Mr. Hoffman and Malamute not only violated the discovery rules by failing to appear at a deposition, but Mr. Hoffman violated the court's November 5, 2013 order.

The Law Court has said that, in determining a Rule 37 discovery sanction, "the trial court should consider (1) the specific purpose of the discovery rules; (2) the party's conduct throughout the proceedings; (3) the party's *bona fides* in its failure to comply with the discovery rules; (4) prejudice to the other parties; and (5) the need for the orderly administration of justice." *Douglas v. Martel*, 2003 ME 132, ¶ 5, 835 A.2d 1099. Parties are "not entitled to a 'warning' that their blatant violations of the discovery rules could result in the dismissal of their action." *St. Paul Ins. Co. v. Hayes*, 2001 ME 71, ¶ 14, 770 A.2d 611.

For purposes of the first listed factor, Mr. Hoffman's conduct on behalf of himself and Malamute has frustrated the purpose of the discovery rules.  As the Law Court explained in *St. Paul Insurance Co.*, the Maine Rules of Civil Procedure must "be construed to secure the just, speedy and inexpensive determination of every action." *Id.*

5

¶ 8 (quoting M.R. Civ. P. 1). The discovery rules aim to "eliminate the sporting theory of justice and to enforce full disclosure between the parties." *Id.* (internal quotation omitted). Mr. Hoffman's ongoing failure to appear for his and Malamute's deposition has delayed the case by over six months. His actions required opposing counsel to spend time and money on setting up alternate dates for depositions and required the court to hold additional status conferences.

The second factor also weighs against Mr. Hoffman and Malamute. Mr. Hoffman previously filed motions on behalf of Malamute in violation of 4 M.R.S. § 807 (2013), which prohibits the unauthorized practice of law. As a result, Malamute was conditionally defaulted for failing to retain an attorney. Although the court is not obligated to warn a party to follow the rules, Malamute and Hoffman were on notice that they must comply with the law or suffer the consequences, including an entry of default against them. Mr. Hoffman repeatedly informed opposing counsel that he could not be present for properly noticed depositions, stated that he moved without providing opposing counsel his new address, and requested remote deposition without any good cause other than his own inconvenience. Given this behavior, the court finds that Hoffman has not acted in good faith in repeatedly failing to appear for his deposition.

Turning to the third listed factor, Malamute's and Mr. Hoffman's excuses are unconvincing. Hoffman blames his failure to appear for the December 30 deposition on bad weather. He notified opposing counsel on December 25, 2013 that he would not be able to make the deposition on December 30, the date that he chose, because it was impossible to get a flight to Maine due to the holiday season and bad weather. In its November 5, 2013 order, the court made clear that Hoffman is not an out-of-state

6

defendant and that he must make himself available for an in-person deposition in Maine. Hoffman's excuse that bad weather prevented him from appearing in Maine on a date of his own choosing does not constitute good cause. His failure to rectify his nonappearance at any time since then also counts against Malamute and Mr. Hoffman.

Regarding the fourth factor, the Bank has been prejudiced by the additional time and expense incurred as a result of Malamute's and Mr. Hoffman's conduct. *See Douglas*, 2003 ME 132, ¶ 9, 835 A.2d 1099. While Hoffman and Malamute would both be prejudiced by the sanction that the court imposes in response to their conduct, "they have . . . only themselves to blame . . ." *St. Paul Ins. Co.*, 2001 ME 71, ¶ 12, 770 A.2d 611.

Finally, the fifth factor also weighs against Hoffman and Malamute. As the Law Court has explained, "[r]ecourse to the authority of the court for orders compelling compliance with the rules must be the exception rather than the rule." *Harris v. Soley*, 2000 ME 150, ¶ 17, 756 A.2d 499. Because Hoffman refused to appear for deposition, the Court had to hold additional status conferences, issue an order denying remote deposition, and repeatedly extend the discovery period in the case.

For these reasons, the court hereby grants the Plaintiffs' Motion for Sanctions Pursuant to Rule 37. As to sanction, the court notes that it has already ordered Mr. Hoffman to appear for deposition, and has no intention of doing so again.

The nature of the violation should influence the nature of the sanction. Because Malamute and Mr. Hoffman have refused to provide discovery in the form of their own deposition testimony, it is entirely fair to preclude them from presenting evidence. As a sanction, the court will preclude Malamute and Mr. Hoffman from presenting any evidence, either at trial or in response to a motion for summary judgment, to defend

7

against the Bank's declaratory judgment claim. (Malamute's counterclaims filed on its behalf by Mr. Hoffman have already been stricken). Malamute through counsel and Mr. Hoffman, through counsel or *pro se*, may, however, oppose the Bank's claim on legal grounds.

The court will also award the Bank its reasonable attorney fees and costs against Malamute and Mr. Hoffman for the expense of bringing its Rule 37 motion, and also for the time and expense incurred in attempting to schedule the depositions of Malamute and Mr. Hoffman.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff Bank may either request the case be set for jury-waived trial, or may file a motion for summary judgment at any time in the next 60 days.

2. If the Bank files a motion for summary judgment, Defendant Malamute through counsel and party-in-interest Hoffman may file opposing legal memoranda in response to the Bank's motion for summary judgment, but may not file any responsive statement of material facts, any affidavits or any other material in an attempt to raise genuine issues of material fact. Based on the facts set forth in the Bank's statement of material facts and any affidavits or other material filed by the Bank, and the legal memoranda of all parties, the court will determine whether the Bank has demonstrated that it is entitled to judgment as a matter of law. If the motion is granted, the court will enter final judgment. If the motion is denied, the court will set the case for jury-waived trial.

2. If a trial is held, Malamute through its counsel and Mr. Hoffman may appear and cross-examine the Bank's witnesses, but under this Order they are precluded from presenting evidence.

8

3.  The Bank may within 30 days file a detailed application for fees and expenses, supported by counsel's affidavit on reasonableness and a breakdown of the time and expenses for which reimbursement is requested.  Malamute and Mr. Hoffman may file a response within 14 days of the filing of the Bank's application.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated March 27, 2014

A. M. Horton
Justice, Superior Court

MECHANICS SAVINGS BANK

Plaintiff

v.

Docket No. BATSC-CV-12-028

TOWN OF RICHMOND and
MALAMUTE INVESTMENT MANAGEMENT, INC.

Defendants

## ORDER

Before the court are the Plaintiff's request for default to be entered against Defendant Malamute Investment Management ["Malamute"] and Plaintiff's motion to strike Malamute's filings. The court elects to decide both without hearing, *see* M.R. Civ. P. 7(b)(7).

Plaintiff Mechanics Savings Bank seeks a declaratory judgment regarding its claim to own real estate at 19 Frog Lane, Richmond, Sagadahoc County. Defendant Malamute Investment Management ["Malamute"] is a Maine corporation that claims ownership in the same property. However, Malamute has not properly appeared and answered in response to the summons and complaint. Instead, it has purported to file an answer through its president, Howard Hoffman, who has not provided a bar number and therefore does not appear to be an attorney licensed to practice law in Maine.

By statute, a corporation must be represented in litigation by an attorney licensed in Maine, with some exceptions, none of which applies here. *See* 4 M.R.S. § 807. Because none of Malamute's filings, including its answer, in this case are signed by a licensed attorney, they are of no validity and it is as if they were never filed at all. *See also* Land Management, Inc. v. Dep't of Environmental Protection, 368 A.2d 602, 603 (Me. 1977) (pleadings filed by a corporation without proper representation are a "nullity").

1

Therefore, the Plaintiff's request for default and motion to strike are well-founded. The court is entering Malamute's default. However, the court will give Malamute an opportunity to avoid being defaulted by arranging for a licensed Maine attorney to enter a general appearance (not a limited appearance) on Malamute's behalf.

IT IS HEREBY ORDERED:

1. Plaintiff's motion to strike is hereby granted. The court will disregard and take no action regarding any and all papers filed by Malamute prior to this order, and will similarly disregard any papers filed hereafter by Malamute unless they are signed by a licensed Maine attorney.

2. Defendant Malamute is hereby declared to be in default. However, Malamute may file a motion to set aside default by February 8, 2013, provided the motion is signed by an attorney licensed to practice in the State of Maine who is appearing generally in this case for Malamute.

3. If no motion signed by a licensed Maine attorney is filed by Malamute by February 8, 2013, Malamute's default will stand and Plaintiff may file a motion for entry of default judgment against Malamute, including a proposed form of judgment in its filing.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Date: January 8, 2013

A. M. Horton
Justice, Superior Court

2